## A92A0790. DANIEL v. WELLS OIL COMPANY, INC.
(422 SE2d 55)

CARLEY, Presiding Judge.

Appellee-plaintiff applied for a distress warrant pursuant to OCGA § 44-7-71. The summons that was served on appellant-defendant pursuant to OCGA § 44-7-72 required that he appear at a hearing scheduled for June 21, 1991. However, the hearing was postponed and rescheduled on several occasions and was eventually set for November 25, 1991. On November 20, 1991, appellant filed his answer. At the subsequent hearing, appellee made an oral motion to strike appellant's answer as untimely. The trial court granted appellee's motion and entered default judgment against appellant in an amount greater than the $2,500 jurisdictional threshold of OCGA § 5-6-35 (a) (3). Accordingly, appellant appeals directly from the order of the trial court.

*In dispossessory proceedings,* the summons served on the tenant shall require him "to answer either orally or in writing within seven days from the date of the actual service. . . ." OCGA § 44-7-51 (b). *In distress warrant proceedings,* however, the tenant is not similarly required to answer within a specified time after actual service of the summons. OCGA § 44-7-72 provides only that the summons served on the tenant shall require him "to appear at a hearing on a day certain not less than five nor more than seven days from the date of actual service." Insofar as the answer in distress warrant proceedings is concerned, the tenant may answer in writing "[a]t or before the time of the hearing" or he may answer orally "at the time of the hearing." OCGA § 44-7-74 (a).

Thus, regardless of the time of the hearing, the answer of a tenant in dispossessory proceedings is untimely if it is not filed within seven days of the actual service of the summons. However, the answer of a tenant in distress warrant proceedings is timely if it is filed either before or at the time of the hearing. Accordingly, in the instant distress warrant proceedings, appellant was not required to file his answer within any specified time after service of the summons. He was required only to answer before or at the time of the hearing. The original hearing was scheduled for June 21, 1991, but it was postponed and rescheduled for November 25, 1991. Appellant answered before the time of the rescheduled hearing. It follows that the trial court erred in striking appellant's timely answer and in entering default judgment. In distress warrant proceedings, the trial court is authorized to enter default judgment "[i]f the tenant fails to answer. . . ." OCGA § 44-7-74 (b). Appellant did not fail to answer, because his

answer preceded the hearing and was, therefore, timely.

*Judgment reversed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Vincent M. Davison, Jr.,* for appellant.
*Burnside, Wall & Daniel, Thomas R. Burnside III,* for appellee.